Andrew Squire (AS 6696)
Attorney for Plaintiff
379 Decatur Street
Brooklyn, NY 11233
718.771.2221

JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

**NATHEL & NATHEL, INC.,**

              Plaintiff,

     - against -

**YOO CORPORATION, SUN YOO,**

             Defendants.

-------------------------------------------------------x

07 CV 3596

COMPLAINT

RECEIVED MAY 04 2007 U.S.D.C. S.D. N.Y. CASHIERS

## COMPLAINT

Plaintiff, Nathel & Nathel, Inc. ("Nathel"), by its attorney Andrew Squire, Esq., as and for its complaint against defendants, pursuant to FRCP Rule 15(a), alleges as follows:

### Jurisdiction and Venue

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), 28 U.S.C. § 1331 and 28 U.S.C. §1332.

2. Venue is this District based on 28 U.S.C. § 1391 in the (a) plaintiff's claim arose in this District and (b) defendants transact and conduct business is in this District.

### Nature of Action

3. This is an action brought by Nathel to recover monies due and owing by Yoo Corporation ("Yoo") pursuant to the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"), and pursuant to an agreement for the sale by Nathel to Yoo of wholesale quantities of perishable agricultural commodities, including but not limited to produce, fruit and vegetables ("Produce"),

pursuant to Nathel's Standard Sales Terms set forth on the face of each invoice. Yoo has failed and refused to remit the unpaid balance in the principal sum of $518,723.94 due and owing to Nathel, despite due demand thereof.

## The Parties

4. Plaintiff Nathel, a corporation, duly organized and existing under the laws of the State of Florida, which maintains its principal place of business at 357 Row C, Hunts Point Terminal Market, Bronx, NY, 10474, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA.

5. Defendant Yoo which, upon information and belief, is a corporation organized under the Laws of the State of New Jersey, and having had an address for the conduct and transaction of business at 129 Grove Street, Tenefly, New Jersey, 07670, is and was at all times pertinent herein a dealer and commission merchant and subject to and licensed under the trust provisions of the PACA as a dealer and commission merchant.

6. Defendant Sun Yoo ("Sun"), an individual having had an address for the conduct and transaction of business at 129 Grove Street, Tenefly, New Jersey, 07670 and, upon information and belief, is and was at all times pertinent herein, an officer and director of Yoo, in charge of Yoo's finances and the day-to-day operation of the business conducted by Yoo, is a dealer and commission merchant and subject to the PACA. Defendant Sun is and was at all times pertinent herein also the officer and director of Yoo.

7. This action is brought to enforce the trust provisions of P.L. 98-273. the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

8. Between on or about November 15, 2006 and April 17, 2007, at defendants' special instance and request, plaintiff sold and delivered Produce to defendants, in interstate commerce, for the sum total of $518,723.94 plus reasonable attorney's fees and the cost of recovery, in accordance with Nathel's Standard Sales Terms ("Debt"), which to date, remains unpaid.

9. Defendants received and accepted the said Produce from plaintiff without objection and resold the said Produce in defendants' ordinary course of business.

10. At the time of receipt and acceptance of said the Produce, plaintiff became a beneficiary in a statutory trust designated to assure payment to Produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds co-mingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

11. Nathel preserved its interest in the PACA trust for the Debt in the amount of $518,723.94 and remains a beneficiary until full payment of the Debt is made for the said Produce.

12. Defendants have not disputed the Debt in any way and have repeatedly promised to pay, but to date have not done so.

### Count 1
### (Failure by Yoo to Pay From PACA Trust Funds)

13. Nathel incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure by defendant Yoo to make payment of the Debt to plaintiff of trust funds in the amount of $518,723.94 from the statutory trust is a violation of the PACA trust and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $518,723.94 plus reasonable attorney's fees and the cost of recovery by defendants jointly and severally to plaintiff.

### Count 2
### (Failure by Yoo to Pay for Goods Sold and Delivered)

15. Nathel incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendant Yoo failed and refused to pay Nathel $518,723.94 plus reasonable attorney's fees and the cost of recovery owed to plaintiff for produce sold and delivered to defendants by plaintiff.

WHEREFORE, Nathel requests judgment in the amount of $518,723.94 plus reasonable attorney's fees and the cost of recovery against defendants jointly and severally.

## Count 3
### (Unlawful Dissipation of PACA Trust Assets by a Corporate Official - Sun.)

17. Nathel incorporates each and every allegation set forth in paragraph 1 to 16 above as if fully set forth herein.

18. Defendant, Sun, was an officer, director and principal who operated Yoo and was in position of control over the PACA trust assets of Nathel during the period of time in question.

19. Defendant, Sun, failed to direct Yoo to fulfill its statutory duties to preserve PACA trust assets and pay Nathel for the Produce it supplied.

20. Defendant Sun's failure to direct Yoo to maintain PACA trust assets and pay Nathel for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

21. As a result of said unlawful dissipation of trust assets, Nathel has been deprived of its rights as a beneficiary in the Produce trust and has been denied payment for the product it supplied.

WHEREFORE, Nathel requests judgment in the amount of $518,723.94 plus reasonable attorney's fees and the cost of recovery against defendants jointly and severally.

## Count 4
### (Account Stated)

22. Nathel incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. In or about April, 2007, Nathel furnished defendants with a statement of account for the sum of $518,723.94, which account stated had been received and accepted by defendants' without protest or objection.

24. By reason of the foregoing an account was stated between the parties for the sum of $518,723.94 which sum defendants failed and refused to pay to Nathel despite repeated demands for payment.

WHEREFORE, Nathel requests judgment in the amount of $518,723.94 plus reasonable attorney's fees and the cost of recovery against defendants, jointly and severally.

### Count 5
### (Breach of Contract)

25. Nathel incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. By reason of defendants' breach of contract and/or contracts heretofore made with, plaintiff has been damaged in the sum of $518,723.94 plus reasonable attorney's fees and the cost of recovery.

WHEREFORE, Nathel requests judgment in the amount of $518,723.94 plus reasonable attorney's fees and the cost of recovery against defendants jointly and severally.

### Count 6
### (Interest, Late Fees and Attorney's Fees)

27. Nathel incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. As a result of defendants' failure to make full payment of $518,723.94, Nathel has lost the use of said funds.

29. In addition, pursuant to parties' agreement memorialized in Nathel's Standard Sales Terms set forth on the back of the said written invoices heretofore provided by plaintiff to defendants, defendants jointly and severally are liable to Nathel for reasonable attorney's fees and the cost of recovery in the sum $8,000.00.

30. As a further result of defendants' failure to make full payment promptly of $518,723.94, Nathel has been required to pay attorney's fees and recovery costs in order to bring this action to require defendants to comply with its contractual and statutory duties.

WHEREFORE, Nathel requests judgment against defendants, jointly and severally, for the sum $ __**526,723.94**__ together with pre-judgment interest, costs and disbursements of this action.

DATED:   New York, NY
May 4, 2007

by: _____
Andrew Squire, Esq. (AS6696)
Attorney for Plaintiff
379 Decatur Street
Brooklyn, NY 11233
718 771 2221

*70\nathel.v.yoo\wpd*

07CV

UNITED STATES DISTRICT COURT: SOUTHERN DISTRICT OF NEW YORK

**NATHEL & NATHEL, INC.,**

                                                             Plaintiff,

- against -

**YOO CORPORATION, SUN YOO,**

                                                             Defendant.

# COMPLAINT

*Andrew Squire, Esq.*
*Attorney for Plaintiff*
*379 Decatur Street*
*Brooklyn, NY 11233*
*(718) 771-2221*